or's property outside of this bankruptcy proceeding.

In re OLYMPIA HOLDING COR-
PORATION, f/k/a P*I*E Na-
tionwide, Inc., Debtor.

Lloyd T. WHITAKER, as Trustee of
the Estate of Olympia Holding
Corporation, Plaintiff,

v.

PASCAL COMPANY, INC., a Washington
Corporation, Defendant.

Bankruptcy No. 90–4223–BKC–3P7.
Adv. No. 92–10005.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Feb. 16, 1996.

Robert Perry, Jacksonville, FL, for Defendants.

Robert Wilcox, Jacksonville, FL, for Plaintiff.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GEORGE L. PROCTOR, Bankruptcy Judge.

A hearing was held on February 6, 1996 on the Defendant's Motion for Entry of Summary Judgment based upon the small business exception and customer account code provisions of the Negotiated Rates Act of 1993 ("NRA"), 49 U.S.C. § 10701 et seq., at which the plaintiff and defendant were represented.

### The Facts

The facts are not in dispute. The debtor, a carrier or freight forwarder that provided transportation services to the defendant, filed a voluntary petition in Chapter 11 of Title 11, United States Code on October 16, 1990. The case was converted to one under Chapter 7 on March 11, 1991.

The debtor provided transportation services to the defendant. At the time the transportation services were provided to the defendant, the debtor had tariffs on file with the Interstate Commerce Commission. Pursuant to these filed rates, the defendant paid the amounts billed by the debtor for the above-referenced transportation services.

The plaintiff filed a complaint seeking to recover additional amounts for the debtor's transportation services. Exhibit "A" of the complaint lists the amounts sought, each line referencing a freight bill number with a suffix of "# 3". These claims are based upon the theory that the debtor's discounted tariffs were unlawful because such tariffs identify the shipper solely by a numeric code.

The defendant filed its Motion for Summary Judgment based on the Negotiated Rates Act of 1993 along with affidavits of Benjamin S. Paschall and Ronald Bergwerk on November 22, 1995. The plaintiff served a Response to Defendant's Motion for Summary Judgment on January 8, 1996.

In this response, the plaintiff concedes that there are no genuine issues of material fact and the defendant is a small business as defined in the Small Business Size Regulations, 13 C.F.R. Part 121.

### Conclusions of Law

1. The Negotiated Rates Act of 1993 provides, in relevant part:

[a] person from whom the additional legally applicable and effective tariff rate or charges are sought shall not be liable for the difference between the carrier's applicable and effective tariff rate and the rate originally billed and paid—(A) if such person qualifies as a small business concern under the Small Business Act (15 U.S.C. § 631 et seq.).

49 U.S.C. § 10701(f)(9)(A), and

CUSTOMER ACCOUNT CODES—No tariff filed by a motor carrier of property with the Commission before, on, or after the date of the enactment of this subsection may be held invalid solely on the basis that a numerical or alpha account code is used in such tariff to designate customers or to describe the applicability of rates.

49 U.S.C. § 10762(h).

2. This adversary proceeding is governed by this Court's Case Management Order which provides:

Upon the filing of a motion for summary judgment accompanied by an affidavit plaintiff shall have forty-five (45) days to respond either with a counter affidavit presenting genuine issues of material fact or with a motion pursuant to Federal Rule of Civil Procedure 56(f)....

Order Granting Motion to Enter a Case Management Order and Adopting Procedure for Adjudication of the Small Business Exemption Pursuant to the Negotiated Rates Act of 1993, Pub.L. No. 103–180, Olympia Holding Corp. (Whitaker v. Paratherm Corp.) Adv. No. 92–1178 (Bkrtcy.M.D.Fla. Nov. 7, 1994).

3. The Negotiated Rates Act of 1993 applies to this bankruptcy case and this adversary proceeding. Olympia Holding Corp.

*(Whitaker v. Power Brake Corp.)*, 68 F.3d 1304 (11th Cir.1995).

4. The Negotiated Rates Act of 1993, through the Small Business Act, adopts the Small Business Size Regulations, 13 C.F.R. Part 121, as the test to determine whether an entity is a small business. 49 U.S.C. § 10701(f)(9)(a) and 15 U.S.C § 631 et seq.

5. As the sums claimed by the plaintiff are all identified by freight bills with a "# 3" suffix and seek the difference between the amount billed and paid for transportation charges and a carrier's alleged applicable and effective tariff, the defendant, as a Small Business under the Negotiated Rates Act of 1993, is not liable for sums sought in the plaintiff's complaint. 49 U.S.C. § 10701(f)(9)(a).

6. As the plaintiff's claims all list a freight bill with a "# 3" suffix and such claims are based upon the theory that the debtor's filed tariff is illegal solely because it contains a numeric code, the defendant is not liable for sums sought in the plaintiff's complaint. 49 U.S.C. § 10762(h).

7. Applicable law allows entry of partial summary judgment in favor of the defendant.

The defendant's Motion for Partial Summary Judgment is GRANTED, and all of the plaintiff's claims are DISMISSED.